**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAWRENCE GENE JACKSON,** | ) | |
| **a.k.a. LAWRENCE GENE PAGE,** | ) | |
| **ID # 23003214,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:23-CV-373-N-BH** |
| | ) | |
| **DALLAS COUNTY COURT SYSTEM,** | ) | |
| **and DALLAS COUNTY JAIL,** | ) | |
| **Respondents.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** for

failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

The petitioner, an inmate incarcerated in the Dallas County Jail, submitted handwritten

correspondence that was received on February 16, 2023. (*See* doc. 2.) He appeared to assert

allegations of actual innocence, wrongful conviction, and malicious prosecution.  By *Notice of*

*Deficiency and Order* dated February 24, 2023, he was notified that:

1.    If he was challenging his pre-trial detention, he must complete and return the
enclosed form for actions filed under 28 U.S.C. § 2241 and either pay the $5
filing fee for a habeas case or submit an application to proceed *in forma pauperis*
(IFP) with the required certificate of inmate trust account within thirty (30) days.

2.    If he was challenging a state conviction pursuant to which he was in custody, he
must complete and return the enclosed form for actions filed under 28 U.S.C. §
2254 and either pay the $5 filing fee for a habeas case or submit an IFP
application with the required certificate of inmate trust account within thirty (30)
days.

3.    If he was seeking to assert any non-habeas civil claims of wrongful conviction

---

[1]By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and
recommendation.

and malicious prosecution, he must complete and return the enclosed form for
civil rights actions under 42 U.S.C. § 1983 and either pay the full $402 filing fee
for a non-habeas civil action or submit an IFP application with the required
certificate of inmate trust account within thirty (30) days.

(*See* doc. 5.)   The notice specifically stated that  this case would only proceed as either a § 2241

habeas case, or as a § 2254 habeas case, or as a civil rights case under § 1983, but not as all

three, and that the petitioner must return only one set of forms.  (*See id.*)  If he returned more

than one set of forms, another case or cases would be opened, and he would have to pay the

filing fee for each case.  (*Id.*) The notice also specifically stated that a failure to comply could

result in the dismissal of the case for failure to prosecute or to follow court orders. (*Id.*)

On February 27, 2023, a filing dated February 22, 2023 was received from the petitioner,

in which he complained of the failure to release inmates charged with non-violent offenses on

personal recognizance bonds to reduce heavy jail populations.  (*See* doc. 6.)  He also complained

of denial of access to the courts.

More than thirty days from the date of the notice and order have passed, but the petitioner

has not filed any of the forms sent to him, paid a filing fee or filed an IFP application supported

by a properly signed certificate of inmate trust account, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte*

an action for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835

F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control

its docket, prevent undue delays in the disposition of pending cases, and avoid congested court

calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Here, the petitioner was

given thirty days to file his claims on the correct set of forms and to either pay the filing fee or

2

file an IFP application with a properly signed certificate of inmate trust account.  He was specifically warned that failure to comply with the notice and order could result in the dismissal of his case.  More than thirty days have passed, but he still has not complied or otherwise responded.

### III.  RECOMMENDATION

The petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for want of prosecution or failure to follow orders of the court, unless the petitioner either files his claims on the correct form and either pays the applicable filing fee or files an IFP application supported by a properly signed certificate of inmate trust account, within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 7th day of April, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4